Elizabeth A. Skane, Esq. (Bar No.7181)
eskane@skanemills.com
Sarai L. Brown, Esq. (Bar No. 11067)
sbrown@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535 / Fax (702) 363-2534

Attorneys for Plaintiff, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

ARLEEN VICENTINA and SHIRLEY CUENCA,

Defendants.

CASE NO.: 2:25-cv-01972-JAD-DJA

**PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S REQUEST FOR EXCEPTION TO SETTLEMENT CONFERENCE ATTENDANCE REQUIREMENTS**

**Settlement Conference: December 3, 2026, 10:00 a.m.**

Plaintiff in interpleader The Prudential Insurance Company of America (“Prudential”), through its counsel, requests an exception to the attendance requirements of the Court’s Order Setting Settlement Conference (ECF No. 23) and asks that Prudential, its counsel, and its representative be excused from appearing at the December 3, 2026 settlement conference. This request is filed and served at least 14 days before the settlement conference, as the Order requires.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

This is an interpleader action concerning the $50,000 Veterans' Group Life Insurance ("VGLI") death benefit payable on the death of the insured, Renato Cuenca, under Group Policy G-32000. Defendants Arleen Vicentina and Shirley Cuenca assert competing claims to the benefit. Ms. Vicentina claims as the beneficiary named in a January 2021 designation, and Ms. Cuenca claims as the contingent beneficiary named in 1989, contending the 2021 designation is invalid. Prudential claims no interest in the benefit and takes no position on which claimant is entitled to it.

On November 18, 2026, Prudential submitted a proposed Consent Order Regarding Deposit and Interpleader Relief signed by both Ms. Vicentina and Ms. Cuenca. (ECF No. 29.) In it, both claimants agree that Prudential is a mere stakeholder that has and claims no interest in the death benefit, and that the benefit should be deposited with the Court and Prudential granted interpleader relief. Under the proposed order, Prudential will deposit the $50,000 death benefit, plus accrued claim interest, with the Clerk within 30 days of entry. Upon deposit, Prudential is released and discharged from all liability to both claimants, both claimants are permanently enjoined from pursuing Prudential over the policy or the benefit, and Prudential is dismissed from this action with prejudice. The Court retains jurisdiction over the two claimants and the fund. On November 19, 2026, the Court struck the proposed order on procedural grounds because the request was not made by stipulation, and Prudential is resubmitting the same terms as a stipulation under LR 7-1.

The Court set this matter for a settlement conference (ECF No. 22) and on September 2, 2026 entered its Order Setting Settlement Conference for December 3, 2026 (ECF No. 23). The Order requires an attorney of record and, for a non-individual party, a representative with binding authority to settle up to the full amount of the claim to attend, unless the Court grants a request for exception filed at least 14 days before the conference.

## II. GOOD CAUSE EXISTS TO EXCUSE PRUDENTIAL FROM ATTENDING

### A. Prudential Is a Disinterested Stakeholder With Nothing to Negotiate.

The only dispute left in this case is between the two claimants over who receives the fund, including Ms. Cuenca's crossclaim against Ms. Vicentina. Prudential's obligation does not change with the outcome: it owes the full benefit, no more and no less, and both claimants have agreed in writing to its deposit with the Court. Prudential has no settlement position to take, no money to contribute, and no claim to compromise. The attendance requirement exists so that someone with real authority is in the room to close a deal. Here, the full amount of the claim is already accounted for by agreement, and the only people who can resolve this dispute are Ms. Vicentina and Ms. Cuenca.

### B. Requiring Attendance Would Defeat the Purpose of Interpleader.

The purpose of interpleader is for the stakeholder to "protect itself against the problems posed by multiple claimants to a single fund," and that purpose "includes limiting litigation expenses." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1025 (9th Cir. 2010) (citation omitted). A stakeholder that files in interpleader "effectively disclaim[s] any position as to which of the claimants is entitled to the fund." *Id.* at 1024 (internal quotation marks omitted). Once it deposits the fund, it should be "dismissed from the case, no longer having a legal interest in who had a right to the funds." *Id.* at 1025. Prudential has done what interpleader asks of it: it brought the competing claims to the Court and has agreed with both claimants on the terms of its deposit, discharge, and dismissal. Both claimants have acknowledged in writing that Prudential is a mere stakeholder. Requiring Prudential to send counsel and a company representative to sit through a three hour conference about a dispute it has no stake in would impose exactly the litigation expense interpleader is designed to avoid, with no corresponding benefit to the claimants or the Court.

### C. Prudential Will Remain Available.

Prudential's absence will not prejudice either claimant, and whether or not an order on the stipulated terms has been entered by December 3, Prudential's role will be the same. Counsel for Prudential will be available by telephone throughout the conference at (702) 363-2535 should

the Court or either claimant have a question about the policy, the beneficiary designation history, or the deposit of funds. In the alternative, if the Court prefers that Prudential participate in some form, Prudential asks that its counsel be permitted to appear by telephone or videoconference and that its corporate representative be excused.

For the same reasons, Prudential also asks to be excused from submitting a confidential settlement statement under Section 4 of the Order. Prudential has no settlement position or opening offer to report, and the information it could provide about the policy and the competing claims is already in the record.

**III. CONCLUSION**

Prudential respectfully asks that the Court grant this request and excuse Prudential, its counsel, and its representative from attending the December 3, 2026 settlement conference and from submitting a settlement statement. Alternatively, Prudential asks that its counsel be permitted to appear by telephone or videoconference and that its representative be excused.

DATED: November 19, 2026

SKANE MILLS LLP

*/s/ Sarai L. Brown*

By: ______________________________

Elizabeth A. Skane, Esq. (Bar No.7181)
eskane@skanemills.com
Sarai L. Brown, Esq. (Bar No. 11067)
sbrown@skanemills.com
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535 / Fax (702) 363-2534

Attorneys for Plaintiff,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

IT IS THEREFORE ORDERED that Prudential's motion (ECF No. 31) is GRANTED. IT IS FURTHER ORDERED that Prudential need not attend the settlement conference or submit a settlement conference statement.

______________________________
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2026, I sent via e-mail a true and correct copy of the above and foregoing PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S REQUEST FOR EXCEPTION TO SETTLEMENT CONFERENCE ATTENDANCE REQUIREMENTS, through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

/s/
____________________________________
An employee of SKANE MILLS LLP

**SERVICE LIST**

| | |
|---|---|
| Arleen Vicentina<br>7870 Hamilton Pool Drive<br>Las Vegas, NV 89113 | Defendant, Pro Se |
| Shirley Cuenca<br>3201 Yorba Linda Blvd., #213<br>Fullerton, CA 92831<br><br>T: (562) 841-0780<br>E: legaspi_shirl@yahoo.com | Defendant, Pro Se |